**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4157**

_____

UNITED STATES OF AMERICA

        Plaintiff - Appellee

v.

RICHARD TODD HAAS

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:16-cr-00139-REP-1)

_____

Submitted:  April 12, 2023                          Decided:  May 26, 2023

_____

Before WILKINSON, HARRIS, and RICHARDSON, Circuit Judges.

_____

Affirmed by unpublished opinion.  Judge Richardson wrote the opinion, in which Judge Wilkinson and Judge Harris joined.

_____

**ON BRIEF:**  William J. Dinkin, WILLIAM J. DINKIN, PLC, Richmond, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Richard D. Cooke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

_____

RICHARDSON, Circuit Judge:

For the second time, Richard Haas asks us to vacate a life sentence he received for his child-abuse-related convictions. The first time—after holding that the district court erred when calculating Haas's Guidelines range—we vacated his sentence and remanded for resentencing. On remand, the district court reimposed a life sentence. This time, we affirm. We find no error and the sentence is reasonable.

Haas was convicted of attempted sex trafficking of a minor and three child-pornography offenses. He attempted to pay an adult sex-worker to bring him a young child to abuse and use to create child pornography. *United States v. Haas*, 986 F.3d 467, 472 (4th Cir. 2021). Unbeknownst to Haas, the sex-worker was helping law enforcement investigate him. *Id.* During the investigation, law enforcement discovered that Haas— separate from his efforts with the sex-worker—was accused of sexually abusing an eleven-year-old girl. So they cut the investigation short and sprang into action. They seized Haas's laptops, which revealed 17,846 images and 53 videos of child pornography. *Id.* at 473. Haas was arrested, convicted, and sentenced to life in prison. He appealed and we vacated his sentence, remanding for resentencing. *Id.* at 478–80, 482.

On remand, Haas was again sentenced to life in prison after the district court varied and departed upwards from the Guidelines sentencing range.[1] His presentence report

---

[1] These may sound the same, but they're not. *See United States v. Legins*, 34 F.4th 304, 324 (4th Cir. 2022). "Departures are enhancements of, or subtractions from, a guidelines calculation 'based on a specific Guidelines departure provision.' . . . Variances, in contrast, are discretionary changes to a guidelines sentencing range based on a judge's (Continued)

calculated a Guidelines range of 235 to 293 months' imprisonment. [J.A. 195.] But the district court varied upwards to a life sentence, reasoning that this was warranted given Haas's conduct, characteristics, and personal history. In particular, the district court noted Haas's desire to—not just view but—*make* child pornography, as well as his unrelated abuse of an eleven-year-old girl. Separately, the district court departed upward, calculating a new, higher sentencing range of 360 months to life based on its reading of United States Sentencing Guidelines § 2G2.2 and an accompanying application note.[2] [J.A. 151–52.] Haas now appeals this new life sentence.

Haas argues his new sentence is unreasonable because it is based on an impermissible variance. We review criminal sentences only for reasonableness. *United States v. Tucker*, 473 F.3d 556, 560 (4th Cir. 2007). And while a district court's decision to vary is discretionary, *Legins*, 34 F.4th at 324, for the resulting sentence to be reasonable, it must be sufficiently based on the district court's review of the sentencing factors found in 18 U.S.C. § 3553(a), *Tucker*, 473 F.3d at 561. Thus, absent other errors, a sentence imposed based on a variance is reasonable so long as "the reasons justifying the variance

---

review of all the § 3553(a) factors . . . ." *United States v. Brown*, 578 F.3d 221, 225–26 (3d Cir. 2009).

[2] Section 2G2.2(b)(7) prescribes enhancements for child-pornography offenses involving a large number of images. The maximum enhancement is a five-level enhancement for 600 or more images. *See* U.S.S.G. § 2G2.2(b)(7)(D). Haas's 17,846 images and 53 videos well exceeded that threshold. So he got the five-level enhancement. [J.A. 83.] But an application note instructing judges on how to determine the number of images also says that an upward departure may be warranted when "the number of images substantially underrepresents the number of minors depicted" or if "the length of the visual depiction is substantially more than 5 minutes." U.S.S.G. § 2G2.2 cmt. n.6(B)(i), (ii). The district court relied on this note to upwardly depart.

3

are tied to § 3553(a) and are plausible." *Id.* (quoting *United States v. Moreland*, 437 F.3d 424, 434 (4th Cir. 2006)); *cf. United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011) ("[D]istrict courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors.").

Haas's sentence is reasonable. The reasons for the variance are plausible and tied to the § 3553(a) factors. *See Tucker*, 473 F.3d at 561. Those factors—including "the nature and circumstances of the offense," "the history and characteristics of the defendant," and the need for the sentence to "reflect the seriousness of the offense," "afford adequate deterrence," and "protect the public"—are precisely what the district court cited to justify the variance sentence. *See* § 3553(a). During the sentencing hearing, it noted that Haas had a multi-year obsession with obtaining and creating child pornography. It also pointed to Haas's calculated abuse of an eleven-year-old girl. [J.A. 144–48, 152–53, 173.] For the district court, these findings showed that Haas was a sexual predator for whom a life sentence was "necessary" to deter future crime and protect the public.[3] J.A. 156. [J.A. 144–48, 152–53, 173–74.] These reasons for varying are plausible, and they are tied to the § 3553(a) factors. So the district court's variance was permissible, and therefore—with no need to investigate the departure—the resulting sentence was reasonable. *See United States v. Howard*, 773 F.3d 519, 528 (4th Cir. 2014) ("If the district court deviates from the

---

[3] Along with its discussion during the sentencing hearing, the district court underscored its reliance on the § 3553(a) factors in the Statement of Reasons, explaining that the variance was justified because Haas's behavior revealed "a particularly acute need for both specific and general deterrence and to protect the public." J.A. 172. [J.A. 172, 174.]

4

Guideline range and provides two or more independent rationales for its deviation, the appellate court cannot declare the sentence unreasonable if it finds fault with only one of the rationales.").

Even so, Haas argues that his sentence is unreasonable because the upward variance alone does not justify the life sentence. Instead, he argues, it depended on the upward departure. And because he says the departure was erroneous, he argues, in turn, that the sentence imposed pursuant to the variance was also improper because it was based, at least in part, on a flawed departure. Put simply, Haas argues that even if the variance to an above-Guidelines sentence was permissible, the sentenced imposed was tainted by the purportedly impermissible departure to a higher Guidelines range to begin with.

But the district court made plain that the variance and departure were separate grounds to reach the ultimate sentence. True, the district court noted that a life sentence was justified after both departing and varying. *See* J.A. 174 ("Consideration of the factors at [ ]§ 3553(a) . . . indicates that an above-Guideline sentence is merited and that, within the range of sentences available to the Court *after applying an upward departure and upward variance*, a life sentence is appropriate" (emphasis added)). Yet that does not show that the variance alone failed to support the sentence. Instead, the record shows that the variance was a stand-alone justification for the life sentence. The government presented the departure and variance as independent grounds for imposing a life sentence. J.A. 41 ("In the event that the Court denies the government's motion for an upward departure, the United States requests that the Court impose an upwardly variant sentence . . . of life."). And that is how the district court considered and granted the government's motions. J.A.

5

156 ("[H]aving granted an upward departure . . . and having granted an upward variance."); J.A. 171–74 (granting the motions separately and justifying them individually in the Statement of Reasons). [J.A. 148–52, 152–52.] The district court also made clear that the § 3553(a) factors underlying the variance—standing on their own—justified a life sentence. J.A. 156 (listing and considering the § 3553(a) factors before declaring a life sentence is necessary). [J.A. 155.] So the district court's upward variance adequately supports the life sentence.[4]

*          *          *

The district court varied upwards for plausible reasons tied to the § 3553(a) factors. So the sentence imposed is reasonable. That's all we require. Accordingly, Haas's sentence is

*AFFIRMED.*

---

[4] Since we find that the variance is an independent and adequate ground for imposing a life sentence, we need not—and do not—address whether the departure was also proper.